*304 OPINION.
Littleton:
The Commissioner field tfiat, inasmuch as the taxpayer transferred the stock to his wife and children shortly before and in anticipation of its sale at a profit for the purpose of avoiding tax on the profit realized, it resulted not in a gift to.them of the stock but of the proceeds of the sale only. From the evidence submitted the Board is of the opinion that the taxpayer made a valid and bona -¡idle gift of the stock, and not of the proceeds of the sale thereof, to his wife and two children. There is evidence that the taxpayer had in mind the fact that he would have to pay income tax on the increased value of his stock, as shown by the difference between the sales price and the cost or the fair market value on March 1, 1913. There is also evidence that he would not 'have consented to the sale of the stock at the price obtained had he thought that income tax would be payable on the amount received for the stock of which he had made a gift to his wife and children. In our opinion, however, the motives that impelled him to make the gift are immaterial. The gifts were absolute and were made prior to any agreement for the sale of the stock.
The certificates denoting the transfers were duly executed and handed to the assignees, and the shares of stock which were so transferred thereafter became their property. It is essential to the validity of a gift that there be a distinct delivery of property so as to show that the donor has relinquished all dominion over it. The donor went as far in this case as he could have gone, unless he had secured the appointment of a guardian or trustee to manage the property of his daughters. Naturally, he deemed such appointment unnecessary. He was their natural guardian, and his success in business might well have’led him to believe that no other was necessary or desirable from any point of view. The appointment of a guardian or trustee would, to some extent at least, have deprived the children of the opportunity to learn how to transact business and to conserve the property. It would have been expensive and an unnecessary impoverishment of their property. The taxpayer’s wife was an invalid and therefore prevented to a considerable degree from managing for the children. She and her husband, however, discussed investment and other disposition of their funds.
In the case of Rote v. Warner, 17 Oh. C. C. 360, the owner of two railroad bonds indorsed on each a statement in pencil that he gave them to his daughter M., with the date. M. was then 3 years old. *305 The bonds were placed in the custody of her mother, the donor’s wife, until his death five years later. The delivery was held sufficient to establish a complete gift. On appeal the decision was affirmed. 57 Oh. St. 633. See also Mook v. Sewings & Loan Co., 87 Oh. St. 273; and Walston v. McCabe, 11 Oh. N. P. 26.
Under the evidence in this appeal, the Board is of the opinion that the Commissioner erred in holding that the gift by taxpayer to his wife and daughters was of the proceeds from the sale of stock and not of the stock. The gift took effect, at the latest, on April 14,1920, at which time there had not been a sale of the stock, nor was it definitely known by this taxpayer, or anyone else, that the stock would be sold.
On reference to the Board, Korner, James, and Teammell dissent.